BURKE'S ADMINISTRATRIX, Plaintiff in Error, v. WALROUD, Defendant in Error.

1. The Kansas city court of common pleas, established by the act of the general assembly approved November 20, 1855, (Sess. Acts, 1855, Adj. Sess. p. 60,) does not possess probate jurisdiction.

*Error to Kansas City Court of Common Pleas.*

*Bouton* and *Ryland & Son,* for plaintiff in error.

I. The Kansas city court of common pleas had jurisdiction of probate matters. It could grant letters of administration.

RICHARDSON, Judge, delivered the opinion of the court.

The only question in this case is whether the Kansas city court of common pleas has probate jurisdiction. The sections of the act creating the court, which define its jurisdiction, are the first and nineteenth. (Sess. Acts, 1855, Adj. Sess. p. 60.) By the first section it is invested with "the same jurisdiction, *civil,* original, concurrent and appellate, of *civil causes* within said township [Kaw] as the circuit and probate courts within and for the county of Jackson ;" and the nineteenth section declares that it "shall have concurrent original jurisdiction with the circuit court of Jackson county in all *civil* actions within the township of Kaw, and actions against boats and vessels ; concurrent superintending control with said circuit court over justices of the peace within said township of Kaw, and appellate jurisdiction from their judgments, and concurrent original jurisdiction with justices of the peace in all civil actions in said township."

It will be observed that the jurisdiction of the court, whether original or appellate, concurrent or exclusive, is limited to civil actions, and these words would not ordinarily be construed to embrace the power of granting letters testamentary or of administration. There is no difficulty in reconciling

the reference in the first section to the "probate court of Jackson county" with the denial of probate jurisdiction to the Kansas court of common pleas. The probate court of Jackson county was established by an act entitled "A bill to establish a probate and common pleas court in Jackson county," approved February 13, 1855. (Sess. Acts, 1855, p. 497.) The fourth section of the act gives the court "exclusive original jurisdiction of all matters pertaining to the administration of estates of deceased persons, or the estates of minors, as well as the appointment of guardians and curators, and concurrent jurisdiction with justices of the peace and the circuit court upon all actions upon notes or accounts for the recovery of money, when the amount claimed exceeds fifty dollars, and does not exceed one thousand dollars exclusive of interest." It will be seen that the court has a double jurisdiction—for the transaction of probate business, and the trial of " *civil actions*." But the common pleas and probate business are kept separate. Hence, though the court is allowed four terms a year, the seventh section of the act prohibits the court from transacting common pleas business except at the spring and fall terms. There are many reasons affecting the public interests why the probate business of a county should not be distributed between several courts; and, as full effect can be given to the first section of the act establishing the Kansas court of common pleas without extending the jurisdiction of the court to include probate matters, we think it should be construed as referring only to the common pleas business as distinguished from probate business — a distinction clearly recognized by the act that created the probate court of Jackson county.

The judgment will be affirmed with the concurrence of the other judges.